## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**JAYLIN BULLOCK**                                                                                                        **PLAINTIFF**

**v.**                             **CIVIL ACTION NO.** 2:24-cv-24-KS-MTP

**WAFFLE HOUSE, INC. AND JOHN DOES #1-4**                     **DEFENDANTS**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Waffle House, Inc. ("Defendant") files this Notice of Removal of the civil action styled *Jaylin Bullock v. Waffle House, Inc., and John Does #1-4*, Cause No. 37:23-cv-150, from the Circuit Court of Lamar County, Mississippi, to the United States District Court for the Southern District of Mississippi, Eastern Division. In support of this Notice, Defendant states the following:

1. Plaintiff Jaylin Bullock filed this premises liability action against Waffle House on December 18, 2023.

2. Defendant was served with a copy of the Complaint and Summons on February 15, 2024. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

3. Venue is proper in the United States District Court for the Southern District of Mississippi, Eastern Division because it is the district in which the state court action was filed. See 28 U.S.C. §§ 1446(a), 104(b)(3).

4. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and other orders served upon Defendant is attached as composite Exhibit "A."

5. Defendant will file the entire state court record within 14 days of this filing, consistent with the local rules.

6. The Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332 because (1) the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and (2) there is diversity of citizenship between Plaintiff and Defendant, Waffle House.

7. The amount in controversy requirement is met because it is apparent from the face of the Complaint that Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs. Specifically, Plaintiff is seeking damages "**in excess of One Million Dollars ($1,000,000.00)**." Compl. at ¶ 14 (emphasis added). This includes economic and non-economic damages, as well as damages for pain and suffering, lost wages, medical care, "physical handicap, physical impairment, disability, disfigurement, inconvenience, mental anguish, [and] loss of the capacity for the enjoyment of life," among others. Compl. at ¶ 13.

8. "[I]t is undisputed that Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000." *Swanson v. Hempstead*, 267 F. Supp. 3d 736, 740 (N.D. Miss. 2017) (citing *Holmes v. Citifinancial Mortg. Co.*, 436 F.Supp.2d 829, 832 (N.D. Miss. 2006)).

9. Further, Plaintiff seeks an unspecified amount of punitive damages. Compl. at ¶ 13. The Fifth Circuit has repeatedly held that an unspecified punitive demand by itself satisfies the amount in controversy. See *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998); see also *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). While certain Mississippi federal courts have recently suggested that a punitive demand may *sometimes* not satisfy the amount in controversy, in this case the punitive demand standing alone satisfies the amount in controversy requirement, given Plaintiff's demand for $1 million.

10. Diversity of citizenship exists because Waffle House is diverse from Plaintiff. Defendant Waffle House is a Georgia corporation with its principal place of business in Georgia.

4892-8413-2776

11. Plaintiff is alleged to be a Mississippi resident. Compl. at ¶ 2.

12. The remaining, unnamed Defendants John Does 1-4 are disregarded for the purposes of removal. *Weaver v. Metro Life Ins. Co*, 939 F.3d 618, 623 (5th Cir. 2019) (citing 28 U.S.C. § 1441(b)(1)) ([i]n determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names [such as John Doe] shall be disregarded.")

13. Further, since John Does 1-4 have not been served, they need not consent to removal. *Ott v. Consol. Freightways Corp. of Delaware*, 213 F.Supp 2d 662, 665 (S.D. Miss. 2002) ("an unserved resident defendant may be ignored in determining removability.")

14. For these reasons, this Court has diversity jurisdiction under 28 U.S.C. § 1332, and removal is proper under §§ 1441 and 1446.

WHEREFORE, Waffle House, Inc. respectfully requests that the above-captioned action now pending in the Circuit Court of Lamar County, Mississippi be removed to the United States District Court for the Southern District of Mississippi, Eastern Division, and that said district court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated: February 23, 2024

Respectfully submitted,

WAFFLE HOUSE, INC.

By Its Attorneys,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

By: *Sterling Kidd*
    STERLING KIDD

OF COUNSEL:

Sterling Kidd (MSB No. 103670)
skidd@bakerdonelson.com
A. James Tulp (MSB No. 106704)
jtulp@bakerdonelson.com
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
MAILING:  Post Office Box 14167
Jackson, Mississippi 39236-4167
PHYSICAL:  One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi 39211
*Telephone*: (601) 351-2400
*Telecopier*: (601) 351-2424

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the ECF system, which served a copy on all counsel of record.

Dated:  February 23, 2024

*s/ Sterling Kidd*
STERLING KIDD

4892-8413-2776